Douglas H. Morseburg (Admission Pro Hac Vice Pending)
dmorseburg@leechtishman.com
Esther J. Choe (Admission Pro Hac Vice Pending)
echoe@leechtishman.com
LLECH TISHMAN FUSCALDO & LAMPL
200 S. Los Robles Avenue, Suite 210
Pasadena, CA  91101
Tel.:   626.796.4000
Fax:   626.795.6321

Attorneys for Plaintiff American Latex Corp.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN LATEX CORP., a California corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>NOVELTIES BY NASS - WALK, INC., a New York corporation; NASSTOYS OF NEW YORK, a business entity form unknown; and DOES 1-10, inclusive,<br><br>               Defendants. | **Case No.**  1:20-cv-03860<br><br>**COMPLAINT FOR INFRINGEMENT OF UNITED STATES PATENT NO. 9,844,486**<br><br>        **AND**<br><br>**REQUEST FOR JURY TRIAL** |

For its complaint against Novelties By Nass - Walk, Inc., Nasstoys of New York and DOES 1 through 10, inclusive, Plaintiff American Latex Corp., by and through its attorneys Leech Tishman Fuscaldo & Lampl, alleges as follows:

## THE PARTIES

1.      Plaintiff American Latex Corp. ("American Latex") is a corporation organized under the laws of the State of California and having a principal place of business at 9600 Lurline Avenue, Chatsworth, California, in the County of Los Angeles.

2.      On information and belief, Defendant Novelties By Nass - Walk, Inc., ("NassWalk") is a corporation organized under the laws of the State of New York that was formed in the County of New York and has a principal place of business at 2075 91st Street, North Bergen, New Jersey in the County of Hudson.

3.      Defendant Nasstoys of New York ("Nasstoys") is a business entity whose form is currently unknown.  On information and belief, Nasstoys is a fictitious name under which NassWalk does business.  In the alternative, Nasstoys is a corporation organized under the laws of New York that was formed in the County of New York and it is related in some manner to NassWalk.  On further information and belief, NassToys has a principal place of business at 2075 91st Street, North Bergen, New Jersey in the County of Hudson.

4.      The true names and capacities of the Defendants named in this Complaint as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that

each of the Defendants designated in this Complaint as a DOE resides in this judicial district and is legally responsible for the events and happenings alleged below and legally proximately caused injury and damages to Plaintiff as alleged. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.  From this point forward, Nasswalk, Nasstoys and DOES 1 through 10 are collectively referred to as "Defendants."

5.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

6.     Plaintiff is informed and believes, and on that basis alleges, that Nasswalk, Nasstoys and DOES 1-5 have acted in concert and participation with each other concerning the claims in this Complaint.

7.     Plaintiff is informed and believes, and on that basis alleges, that Nasswalk, Nasstoys and DOES 1-5 were empowered to act as the agents, servants and/or employees of each other, and that all of the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the others.

8.     Plaintiff is informed and believes, and on that basis alleges, that DOES 6-10 are customers of Nasswalk, Nasstoys and/or DOES 1-5.

## JURISDICTION AND VENUE

9.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court, therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States and pursuant to 28 U.S.C. §  1338(a) in that it arises under the United States patent laws.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because the Defendants were incorporated under the laws of the State of New York and were formed in the County of New York.  In the alternative, venue is proper in this judicial district because the Defendants have committed acts of infringement in this judicial district and they have regular and established places of business in this judicial district.

## THE PATENT-IN-SUIT

11.     On December 19, 2017, United States Patent No. 9,844,486 (the "'486 Patent,"), entitled "Interactive Massaging Device", was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") to American Latex.  The '486 Patent generally relates to a massaging device that utilizes sensors that produce changes in the operation of the device without requiring a user to manipulate any controls to produce those changes.  A true and correct copy of the '486 Patent is attached as Exhibit "A".

- 4 -

12.     American Latex is the exclusive owner of all rights in and to the '486

Patent, including the right to sue and collect damages for past infringements.

## THE DEFENDANTS' ACTIONS

13.     On information and belief, the Defendants import into the United

States and manufacture, sell and distribute in the United States a variety of adult

toys and novelties.  On further information and belief, they promote and sell over

1200 pleasure products in 15 product categories under several different brands

through a network of wholesale distributors and retailers.

14.     On information and belief, one of the brands under which the

Defendants products are sold is called "Touch."  In or about the mid-2018,

American Latex learned that the Defendants were distributing vibrators called

"Touch Extreme Vibrations", "Touch The Wave" and "Touch Me Vibe")

(collectively, the "Touch Vibrators").

15.     Because American Latex believed that the Touch Vibrators infringed

American Latex's rights under the '486 Patent, American Latex wrote to the

Defendants on or about August 9, 2018 and notified them, among other things, that

it was the owner of the '486 Patent and that it believed the Touch Extreme

Vibrations and Touch Wave products infringed that patent.  American Latex

further informed the Defendants that the continued manufacture, importation, sale

and marketing of those products constituted patent infringement and could subject

the Defendants to liability for damages, an award of profits, attorneys' fees and court costs. A true and correct copy of American Latex's letter of August 9, 2018 is attached as Exhibit "B".

16. The Defendants never responded to American Latex's August 9, 2018 letter. Nor, on information and belief, did they ever take any steps to ascertain whether any of its Touch Vibrators infringed the '486 Patent or do anything else to avoid infringement such as, for example, by taking a license to the '486 Patent or attempting to design around the '486 Patent.

17. Defendants have, either literally or under the doctrine of equivalents or both, directly infringed the '486 Patent by manufacturing, distributing, selling and advertising Touch Vibrators in the United States. On further information and belief, the Defendants have, either literally or under the doctrine of equivalents or both, also directly infringed the '486 Patent by importing Touch Vibrators into the United States.

18. In addition to directly infringing the '486 Patent, the Defendants have also, either literally or under the doctrine of equivalents or both, indirectly infringed the '486 Patent by instructing others to practice the steps of one or more of the methods taught by the '486 Patent.

//

## FIRST CAUSE OF ACTION

**(Against All Defendants for Direct Patent Infringement, 35 U.S.C. § 271(a))**

19.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, of this Complaint as though fully set forth herein.

20.     On information and belief, the Defendants have, without authorization, made, offered for sale and sold in the United States and imported into the United States devices that fall within the scope of at least Claim 1 of the '486 Patent in that those devices comprise "a housing; a motor; a control circuit; a power source; a control button for activation of the control circuit; and a proximity sensor located in an insertable portion of the device that produces signals to the control circuit; wherein the speed of the motor varies in response to the signals, and wherein the device is arranged such that the proximity sensor automatically produces the signals in response to the proximity sensor coming into close proximity with a user's body part."

21.     Defendants' acts, as described above, constitute literal infringement or infringement under the doctrine of equivalents or both of the '486 Patent in violation of 35 U.S.C. § 271(a).

22.     As a consequence of the acts of infringement listed above, American Latex is entitled to recover from Defendants all damages it has sustained as a result

of the infringement but, in any event, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284.

23.    As a result of Defendants' unlawful activities, American Latex has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Monetary damages are insufficient to compensate American Latex for these harms.  Moreover, on information and belief, unless enjoined by this Court, the Defendants' infringement of the '486 Patent will continue to cause Plaintiff irreparable harm.  Accordingly, American Latex is entitled to preliminary and/or permanent injunctive relief.

24.    The Defendants have been aware of the '486 Patent and of American Latex's claims of infringement since approximately August 9, 2018.  Despite this knowledge, they have continued their unauthorized activity and, on information and belief, they have made no effort to re-design the Touch Vibrators to avoid infringement.  These actions demonstrate Defendants' knowing infringement and their conscious disregard of American Latex's patent rights.

25.    Defendants' knowing infringement of the '486 Patent thus justifies an award to American Latex of increased damages under 35 U.S.C. § 284, a finding that this is an exceptional case and an award attorneys' fees and costs under 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

**(Against All Defendants for Indirect Patent Infringement, 35 U.S.C. § 271(b))**

26.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 25, above, of this Complaint as though fully set forth herein.

27.   Defendants have indirectly infringed, and they continue to indirectly infringe, the '486 Patent by actively inducing third parties, including customers, purchasers and end-users of the Touch Vibrators to use, and instructing those parties in the use of, those devices, thereby directly infringing Claim 1 of the '486 Patent, either literally or under the doctrine of equivalents or both.

28.   In using the Touch Vibrators, these third parties also directly infringe Claim 8 of the '486 Patent, which covers "[a] method comprising: activation of a sensor on an insertable portion of the device of claim 1 [of the '486 patent], wherein the sensor is automatically activated by coming into close proximity with a user's body part; signaling a control circuit in response to activation of the sensor; and altering the speed of a motor in response to activation of the control."

29.   Defendants have known since at least August 9, 2018 of the existence of the '486 Patent and of the substance of Claims 1 and 8.  Moreover, on information and belief, Defendants have also known, or they were willfully blind to the fact, that third parties to using the Touch Vibrators would infringe Claims 1 and 8 of the '486 Patent.

30.     Defendants' acts of inducing and promoting the use by third parties of Touch Vibrators, as described above, constitute indirect infringement of the '486 Patent in violation of 35 U.S.C. § 271(b).

31.     As a consequence of the acts of indirect infringement described above, American Latex is entitled to recover from Defendants all damages it has sustained as a result of the infringement but, in any event, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284.

32.     As a result of Defendants' unlawful activity, American Latex has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Monetary damages are insufficient to compensate American Latex for these harms.  Moreover, on information and belief, unless enjoined by this Court, the Defendants' indirect infringement of the '486 Patent will continue to cause Plaintiff irreparable harm.  Accordingly, American Latex is entitled to preliminary and/or permanent injunctive relief.

33.     The Defendants have been aware of the '486 Patent and of American Latex's claims of infringement since approximately August 9, 2018.  Despite this knowledge, they have continued their unauthorized infringing activities.  These actions demonstrate Defendants' knowing infringement and their conscious disregard of American Latex's patent rights.

34.     Defendants' knowing indirect infringement of the '486 Patent thus

- 10 -

justifies an award to American Latex of increased damages under 35 U.S.C. § 284, a finding that this is an exceptional case and an award attorneys' fees and costs under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, American Latex requests judgment in its favor for:

A.     A preliminary and then a permanent injunction restraining all Defendants from further infringing the claims of the '486 Patent.

B.     A monetary award in favor of American Latex and against Defendants jointly and severally in an amount equal to the damages American Latex has suffered as a consequence of the Defendants' infringement but, in no event in an amount less than a reasonable royalty.

C.     An award in favor of American Latex and against the Defendants jointly and severally for three times the damages sustained as a consequence of Defendants' infringement pursuant to 35 U.S.C. § 284;

D.     A finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and for award to Plaintiff of its attorneys' fees;

//

//

E.     An award of interest and costs as fixed by the Court; and

F.     Such other and further relief as this Court deems just and proper.

Dated:  May 18, 2020                Respectfully submitted,

                                    LEECH TISHMAN FUSCALDO & LAMPL


                                    By:  s/Douglas H. Morseburg

                                    Douglas H. Morseburg (Pro Hac Vice Pending)
                                    Email: dmorseburg@leechtishman.com
                                    Esther J. Choe (Pro Hac Vice Pending)
                                    Email: echoe@leechtishman.com
                                    200 South Los Robles Avenue, Suite 210
                                    Pasadena, CA 91101
                                    Telephone: 626.796.4000
                                    Fax: 626.795.6321

                                    Attorneys for Plaintiff American Latex Corp.

## <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues raised by the Complaint that are properly triable to a jury.

Dated:  May 18, 2020

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL

By:  s/Douglas H. Morseburg

Douglas H. Morseburg (Pro Hac Vice Pending)
Email: dmorseburg@leechtishman.com
Esther J. Choe (Pro Hac Vice Pending)
Email: echoe@leechtishman.com
200 South Los Robles Avenue, Suite 210
Pasadena, CA 91101
Telephone: 626.796.4000
Fax: 626.795.6321

Attorneys for Plaintiff American Latex Corp.